IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDDIE FRIAS,

    Plaintiff,                    No. CIV S-06-1867 MCE KJM P

    vs.

G. MARSHALL, et al.,             ORDER AND

    Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. This action is currently proceeding on plaintiff's Fourteenth Amendment claim against defendant Marshall (defendant). See April 24, 2007 Order (docket entry #6). Defendant's motion for summary judgment is before the court.[1]

I. Summary Judgment Standards

        Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

---

[1] In addition to filing an opposition, plaintiff has filed a sur-reply with respect to defendant's motion. The court did not consider the sur-reply, however, as the local rules of the court do not allow briefing on motions beyond reply briefs and plaintiff has not provided reasons for the court to make an exception here. See Local Rule 78-230(m).

1

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

return a verdict for the nonmoving party, see <u>Wool v. Tandem Computers, Inc.</u>, 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." <u>T.W. Elec. Serv.</u>, 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. <u>See Anderson</u>, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. <u>See Matsushita</u>, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. <u>See Richards v. Nielsen Freight Lines</u>, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), <u>aff'd</u>, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (citation omitted).

On May 18, 2007, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. <u>See Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), <u>cert. denied</u>, 527 U.S. 1035 (1999), and <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988).

/////

II. Analysis

On May 24, 2005, plaintiff was "validated' as a member of the "Mexican Mafia" prison gang. Compl., Ex. F. As a result, plaintiff was reassigned to the Security Housing Unit (SHU) at Corcoran State Prison. Nothing before the court suggests plaintiff has been released from the SHU. Plaintiff asserts that his validation as a member of the "Mexican Mafia" and transfer to the SHU were achieved as a result of defendant's violating plaintiff's right to due process under the Fourteenth Amendment.

Defendant argues plaintiff had no Fourteenth Amendment right to any process at all before being validated as a member of the "Mexican Mafia" or being transferred to the SHU, because neither of these acts constituted a deprivation of liberty under the Fourteenth Amendment. See Mot. at 11:1-11. In order to state a cognizable claim for violation of due process under the Fourteenth Amendment with respect to a change in conditions of confinement, plaintiff must allege facts suggesting he was deprived of a protected liberty interest. Such liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, [citations omitted], nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

Plaintiff does not point to any facts suggesting he has been subjected to atypical and significant hardship while in the SHU. Indeed, plaintiff fails to present any facts concerning the conditions he personally has been subjected to while in the SHU at all. Rather, he relies solely on the findings as to the conditions in the Pelican Bay SHU in two different federal court cases, Madrid v. Gomez, 889 F. Supp. 1146, 1228-29 (N.D. Cal. 1995) and Medina v. Gomez, 1997 WL488588, *3 (N.D. Cal. 1997). See Opp'n at 8-9. Even if the holdings of Madrid and Medina were helpful to plaintiff – and they are not – plaintiff was housed in the Corcoran SHU, not the Pelican Bay SHU; his SHU confinement challenged here began in 2005; and he has done nothing to demonstrate that the conditions he experienced were equivalent to those faced by the

plaintiffs in either <u>Madrid</u> or <u>Medina</u>. His sweeping statement that "conditions in the Pelican Bay SHU [] are the functional equivalent to the Corcoran SHU," is not the stuff of serious lawyering. On this record, the court cannot find plaintiff was subjected to atypical and significant hardship while in the Corcoran SHU. Defendant Marshall is entitled to summary judgment with respect to plaintiff's remaining Fourteenth Amendment claim. The court need not reach defendant's other arguments in favor of summary judgment.

The court notes that defendant has requested that the court consider <u>in camera</u> certain documents pertaining to plaintiff's validation as a member of the "Mexican Mafia." This request will be denied as there is no reason for the court to consider the documents in fully and fairly resolving the matter before it. The court will order the documents be returned to counsel for defendant.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's "motion to review documents in camera and file them under seal" (#34) is denied; and

2. The Clerk of the Court is directed to return to counsel for defendant attachments B and D to exhibit 1 of defendant's motion for summary judgment.

IT IS HEREBY RECOMMENDED that:

1. Defendant Marshall's motion for summary judgment (#35) be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised

/////

that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 4, 2009.

_____
U.S. MAGISTRATE JUDGE