IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDDIE FRIAS,

    Plaintiff,                    No. CIV S-06-1867 MCE KJM P

    vs.

G. MARSHALL, et al.,

    Defendants.                <u>ORDER</u>

_____/

        On March 5, 2009 the court recommended that defendant Marshall's (defendant) motion for summary judgment be granted. The court has now realized, however, that plaintiff never received the notice required by <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998), prior to his filing his opposition to defendant's motion. These circumstances require that the court vacate the March 5, 2009 findings and recommendations.

        Plaintiff is now informed, pursuant to <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998) (en banc) and <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988), of the following requirements for opposing a motion for summary judgment made by a defendant pursuant to Rule 56 of the Federal Rules of Civil Procedure. Such a motion is a request for an order for judgment in favor of defendant without trial. A defendant's motion for summary judgment will set forth the facts that the defendant contends are not reasonably subject to dispute and that

1

entitle the defendant to judgment. To oppose a motion for summary judgment, plaintiff must show proof of his or her claims. Plaintiff may do this in one or more of the following ways. Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies. Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated. Plaintiff may rely upon written records, but plaintiff must prove that the records are what plaintiff claims they are. Plaintiff may rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. If plaintiff fails to contradict the defendant's evidence with counteraffidavits or other admissible evidence, the defendant's evidence may be taken as the truth and the defendant's motion for summary judgment granted. If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone considering the defendant's motion. If the defendant's motion for summary judgment, whether opposed or unopposed, is granted, judgment will be entered for defendant without a trial and the case will be closed.

Having now been provided with the notice required by <u>Rand v. Rowland</u>, plaintiff will be given thirty days within which to file an amended opposition to defendant Marshall's motion for summary judgment. In his opposition, plaintiff shall assert any relevant arguments and present any relevant evidence presented in plaintiff's March 20, 2009 objections to the court's March 5, 2009 findings and recommendations. Failure to assert such arguments and present such evidence will result in waiver. Defendant Marshall will be given twenty days to file a reply to any amended opposition.

In light of the foregoing, the court will vacate the March 5, 2009 order concerning defendant's motion for in camera review (docket entry #34). Defendant will be granted fifteen

days within which to re-submit the documents that were the subject of the motion, as the court ordered them returned to counsel for defendant.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued by the court on March 5, 2009 are vacated.

2. Plaintiff is granted thirty days within which to file an amended opposition to defendant Marshall's motion for summary judgment. Defendant Marshall may file a reply within twenty days of service of the amended opposition.

3. The court's March 5, 2009 order denying defendant Marshall's "motion to review documents in camera and file then under seal" (docket entry #34) is vacated. Defendant Marshall is granted fifteen days within which to re-submit the documents that are the subject of the motion.

DATED: May 12, 2009.

_____
U.S. MAGISTRATE JUDGE

1
fria1867.rand