1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   EDDIE FRIAS,

11            Plaintiff,                    No. CIV S-06-1867 MCE KJM P

12       vs.

13   G. MARSHALL, et al.,                   ORDER AND

14            Defendants.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16            Plaintiff is a California prisoner proceeding pro se with an action for violation of

17   civil rights under 42 U.S.C. § 1983.  On April 24, 2007, the court screened plaintiff's complaint

18   as required under 28 U.S.C. § 1915A(a).  The court determined that plaintiff's complaint states a

19   cognizable Fourteenth Amendment claim against defendant Marshall.  Defendant Marshall has

20   now filed a motion for summary judgment.

21   I.  Summary Judgment Standard

22            Summary judgment is appropriate when it is demonstrated that there exists "no

23   genuine issue as to any material fact and that the moving party is entitled to a judgment as a

24   matter of law."  Fed. R. Civ. P. 56(c).

25   /////

26   /////

1

1   Under summary judgment practice, the moving party

2   always bears the initial responsibility of informing the district court
    of the basis for its motion, and identifying those portions of "the
3   pleadings, depositions, answers to interrogatories, and admissions
    on file, together with the affidavits, if any," which it believes
4   demonstrate the absence of a genuine issue of material fact.

5   Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  "[W]here the

6   nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary

7   judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers

8   to interrogatories, and admissions on file.'"  Id.  Indeed, summary judgment should be entered,

9   after adequate time for discovery and upon motion, against a party who fails to make a showing

10  sufficient to establish the existence of an element essential to that party's case, and on which that

11  party will bear the burden of proof at trial.  See id. at 322.  "[A] complete failure of proof

12  concerning an essential element of the nonmoving party's case necessarily renders all other facts

13  immaterial."  Id. In such a circumstance, summary judgment should be granted, "so long as

14  whatever is before the district court demonstrates that the standard for entry of summary

15  judgment, as set forth in Rule 56(c), is satisfied."  Id. at 323.

16       If the moving party meets its initial responsibility, the burden then shifts to the

17  opposing party to establish that a genuine issue as to any material fact actually does exist.  See

18  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to

19  establish the existence of this factual dispute, the opposing party may not rely upon the

20  allegations or denials of its pleadings but is required to tender evidence of specific facts in the

21  form of affidavits, and/or admissible discovery material, in support of its contention that the

22  dispute exists.  See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.  The opposing party

23  must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome

24  of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

25  (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.

26  1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

1   return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,

2   1436 (9th Cir. 1987).

3          In the endeavor to establish the existence of a factual dispute, the opposing party

4   need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the

5   claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

6   versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary

7   judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a

8   genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory

9   committee's note on 1963 amendments).

10         In resolving the summary judgment motion, the court examines the pleadings,

11  depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

12  any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson,

13  477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the

14  court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.

15  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to

16  produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen

17  Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.

18  1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply

19  show that there is some metaphysical doubt as to the material facts . . .  Where the record taken

20  as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

21  'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

22         On May 12, 2009, the court advised plaintiff of the requirements for opposing a

23  motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland, 154

24  F.3d 952, 957 (9th Cir. 1998) (en banc); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

25  /////

26  /////

II.  Undisputed Facts

        On May 24, 2005, plaintiff was "validated' as a member of the "Mexican Mafia" prison gang.  Compl., Ex. F.  As a result, plaintiff was reassigned to the Security Housing Unit (SHU) at Corcoran State Prison indefinitely.  Def.'s Statement of Undisputed Facts ¶¶ 33-34 (citing to declarations of G. Marshall and E. Fischer).  Nothing before the court suggests plaintiff has been released from the SHU.  In the SHU, plaintiff is confined to his cell 23 hours a day, he is not allowed to work, use a phone or have contact visits.  Pl.'s Decl. ¶¶ 5-10.  Plaintiff's outdoor exercise is limited to an eight by ten foot cage, to which he is released three times a week.  Id. ¶ 22.  When plaintiff was housed in the general prison population he could work, was allowed contact visits, could travel freely between his cell and the exercise yard and was allowed to use a telephone.  Id. ¶ 2.

III.  Analysis

        Being housed in the SHU under the conditions described above presents an atypical and significant hardship in relation to the ordinary incidents of prison life.  See Wilkinson v. Austin, 545 U.S. 209, 223-24 (2005).  Therefore, the Due Process Clause of the Fourteenth Amendment mandates that plaintiff receive certain process before being placed in the SHU.  At a minimum, before being confined in the manner plaintiff is confined in the SHU, plaintiff had to receive notice of the factual basis for consideration of placement in the SHU, a fair opportunity for rebuttal, and a short statement of reasons for SHU placement.  Id. at 226.

        The evidence before the court demonstrates that defendant was not the person who made the decision that ultimately resulted in plaintiff's being placed in the SHU.  Rather, that decision was made by a committee consisting of E. Fischer, Dave Speer and M. Ruff.  See Compl., Ex. F.; Def.'s Statement of Undisputed Facts, Ex. 1 ¶¶ 25-26 (Marshall Decl.) & Ex. 2 ¶ 6.  While defendant worked up the recommendation considered by the committee, nothing in the record before the court suggests it was incumbent upon defendant, rather than the persons who ultimately placed plaintiff in the SHU, to see to it that plaintiff received the process to which

1    he was entitled.  Therefore, it cannot be said that defendant caused plaintiff's due process rights

2    to be violated.  Accordingly, defendant's motion should be granted.

3    IV.  Defendant's Request For Sealing Of Documents

4                    Defendant has submitted two documents that he requests the court consider in

5    camera and then file under seal.  The documents are reports prepared by defendant Marshall

6    concerning whether plaintiff is a gang member.  In light of the conclusion reached above, the

7    court need not consider these documents in ruling on defendant's motion for summary judgment.

8    Therefore, defendant's motion will be denied and the documents submitted by defendant will be

9    ordered returned to defendant's counsel.

10                   In accordance with the above, IT IS HEREBY ORDERED that:

11                   1.  Defendant's "motion to review documents in camera and file them under seal"

12   (#49) is denied;

13                   2.  The Clerk of the Court shall remove the hard copy documents submitted with

14   defendant's "motion to review documents in camera and file them under seal" from the court's

15   file and return them to defendant's counsel.

16                   IT IS HEREBY RECOMMENDED that:

17                   1.  Defendant Marshall's motion for summary judgment (#35) be granted; and

18                   2.  This case be dismissed.

19                   These findings and recommendations are submitted to the United States District

20   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

21   days after being served with these findings and recommendations, any party may file written

22   objections with the court and serve a copy on all parties.  Such a document should be captioned

23   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

24   shall be served and filed within ten days after service of the objections.  The parties are advised

25   /////

26   /////

1    that failure to file objections within the specified time may waive the right to appeal the District

2    Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3    DATED:  August 24, 2009.

4

5

6    U.S. MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    [1]
      fria1867.57(3)