IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDDIE FRIAS,

        Plaintiff,                  No. CIV S-06-1867 MCE KJM P

    vs.

G. MARSHALL, et al.,

        Defendants.           <u>AMENDED</u>

_____/    <u>FINDINGS AND RECOMMENDATIONS</u>

        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. On April 24, 2007, the court screened plaintiff's complaint as required under 28 U.S.C. § 1915A(a). The court determined that plaintiff's complaint states a cognizable Fourteenth Amendment claim against defendant Marshall. Defendant Marshall has filed a motion for summary judgment.

        The court issued findings and recommendations recommending a grant of defendant's motion on August 26, 2009. On September 21, 2009, plaintiff filed objections and a declaration in response to the recommendations. Defendant has not filed any response to the findings and recommendations or to plaintiff's objections. In light of plaintiff's objections, further review of the court's file and recent case law, the court's August 26, 2009 findings and recommendations are hereby amended as follows. In conjunction with the August 26, 2009

1

findings and recommendations, and on that same day, the court denied defendant's May 18, 2009 "motion to review documents in camera and file them under seal." The court has no cause to amend or reconsider that order.

I. <u>Summary Judgment Standard</u>

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" <u>Id</u>. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. <u>See id</u>. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Id</u>. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." <u>Id</u>. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. <u>See</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the

allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson, 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . Where the record taken

as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

On May 12, 2009, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

II. Undisputed Facts

On May 24, 2005, plaintiff was "validated' as a member of the "Mexican Mafia" prison gang. Compl., Ex. F. As a result, plaintiff was reassigned to the Security Housing Unit (SHU) at Corcoran State Prison indefinitely. Def.'s Statement of Undisputed Facts ¶¶ 33-34 (citing to declarations of G. Marshall and E. Fischer). Nothing before the court suggests plaintiff has been released from the SHU. In the SHU, plaintiff is confined to his cell 23 hours a day, he is not allowed to work, use a phone or have contact visits. Pl.'s Decl. ¶¶ 5-10. Plaintiff's outdoor exercise is limited to an eight by ten foot cage, to which he is released three times a week. Id. ¶ 22. When plaintiff was housed in the general prison population he could work, was allowed contact visits, could travel freely between his cell and the exercise yard and was allowed to use a telephone. Id. ¶ 2.

III. Analysis

Being housed in the SHU under the conditions described above presents an atypical and significant hardship in relation to the ordinary incidents of prison life. See Wilkinson v. Austin, 545 U.S. 209, 223-24 (2005). Therefore, the Due Process Clause of the Fourteenth Amendment mandates that plaintiff receive certain process before being placed in the SHU; plaintiff had to receive notice of the factual basis for consideration of placement in the SHU, a fair opportunity for rebuttal, and a short statement of reasons for SHU placement. Id. at 226. See Hayward v. Marshall, 603 F.3d 546, 561 (9th Cir. 2010) (en banc) (noting inter prison transfer of prisoner requires only non-adversarial protections in order to comply with the Due Process Clause of the Fourteenth Amendment and those protections do not include that the

decision to transfer be supported by "some evidence" as is required with respect to a decision to revoke good conduct sentence credit).

Plaintiff does not allege, nor is there any evidence before the court indicating that defendant, or anybody else, failed to inform plaintiff of the charges against him prior to plaintiff's validation hearing or that plaintiff did not receive a written statement of reasons why he was being transferred to the SHU after he was validated as a gang associate.[1] Under California law it was defendant Marshall's responsibility, in his capacity as an Institutional Gang Investigator (IGI), to obtain plaintiff's response to the charges that he was an associate of a prison gang. Cal. Code Regs. tit. 15 § 3378(c)(6)(A). While plaintiff admits he was interviewed twice by defendant about the charge that plaintiff was an associate of the Mexican Mafia, Compl. ¶¶13-15, 22, plaintiff asserts defendant failed to convey plaintiff's rebuttal evidence to the persons who ultimately decided to validate plaintiff as a gang member. Id. ¶¶15, 20-24. This assertion establishes a genuine issue of material fact as to whether defendant denied plaintiff his due process right to rebut the charges that he was an associate of a prison gang.

Defendant Marshall asserts he is entitled to immunity from any claim plaintiff might have under the doctrine of "qualified immunity." Under the "qualified immunity" doctrine, government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In determining whether a governmental officer is immune from suit based on the doctrine of qualified immunity, the court considers two questions: 1) do the facts alleged show the officer's conduct violated a constitutional right; and 2) was the right was clearly established. Saucier v. Katz, 533 U.S. 194, 201 (2001); Pearson v. Callahan, ___ U.S. ___, 129

---

[1] Plaintiff does complain that the notice he did receive was "hardly adequate" and did not contain a "brief description of the charges" against him. Compl. ¶ 23. But in so complaining, he concedes the minimum requirements of notice were met. See also id., Exs. B, C, F.

S.Ct. 808 (2009) (order of consideration of Saucier inquiry at discretion of court).

As indicated above, the record establishes a genuine issue of material fact as to whether defendant Marshall denied plaintiff his right to be heard with respect to the allegations that he was an associate of a prison gang prior to being transferred to segregated housing. That right was clearly established in this circuit when plaintiff was validated as a gang associate. See Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003). Therefore, defendant is not immune from plaintiff's claim under the doctrine of qualified immunity.

In light of the foregoing, the court will recommend that defendants's motion for summary judgment be denied with respect to plaintiff's claim that defendant denied him the right to rebut the charge that he was an associate of a prison gang prior to being transferred to an indefinite term in the SHU, but granted in all other respects.

In accordance with the above, IT IS HEREBY ORDERED that the findings and recommendations issued August 26, 2009 are vacated; the order issued with those findings and recommendations remains in effect. (See docket #54.)

IT IS HEREBY RECOMMENDED that:

1. Defendant Marshall's motion for summary judgment (docket #35) be granted in part and denied in part as follows:

    A. Denied with respect to plaintiff's claim that defendant Marshall denied plaintiff his right to be heard with respect to the allegation that he is an associate of a prison gang before he was transferred to segregated housing for an indefinite term for being a gang associate; and

    B. Granted in all other respects.

2. Plaintiff be ordered to file his pretrial statement within thirty days. Defendant Marshall be ordered to file his pretrial statement within twenty days of service of plaintiff's statement.

/////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 28, 2010.

_____
U.S. MAGISTRATE JUDGE

1
fria1867.57(4)